UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOLDEN STATE ORTHOPAEDICS, INC.,

    Plaintiff,

v.

HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS,

    Defendant.

Case No. 14-cv-3073-PJH

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO TRANSFER**

## BACKGROUND

The above-entitled action was filed on July 7, 2014, by Golden State Orthopaedics, Inc. ("GSO") against defendant Howmedica Osteonics Corporation d/b/a Stryker Orthopaedic ("Stryker"). GSO is a California-based distributor of orthopedic medical products and surgical instruments. Stryker is a New Jersey-based designer, manufacturer, and seller of orthopedic medical products and surgical instruments, and operates in California.

Approximately five weeks earlier, on May 30, 2014, Stryker had filed suit in the District of New Jersey, against five former employees, California citizens who worked for Stryker as sales representatives, exclusively in California. Also named as a defendant was DePuy Orthopaedics, Inc. ("DePuy"), an Indiana-based designer, manufacturer, and seller of orthopedic medical products and surgical instruments, allegedly a direct competitor of Stryker in the orthopaedic reconstructive implant industry. See Howmedica

Osteonics Corp. v. Sarkisian, C-14-3449 (D.N.J.) ("the New Jersey case"). Stryker alleges that the five employees breached their employment contracts and the duty of loyalty by soliciting Stryker's customers on behalf of DePuy, and that DePuy engaged in unfair competition, corporate raiding, and interference with contract and prospective economic advantage.

In the present complaint, GSO asserts that Stryker violated California Business and Professions Code § 16600 by compelling the five former California employees to sign employment agreements containing non-compete clauses. The former employees' employment agreements also included forum-selection and choice-of law provisions, with four of the agreements requiring that any litigation against Stryker take place in New Jersey, under New Jersey law, and one agreement providing for Michigan law and a Michigan forum. GSO also alleged a claim of unfair competition under Business and Professions Code § 17200, plus a claim for declaratory relief.

On July 9, 2014, two days after GSO filed the present action, Stryker filed a motion in the New Jersey case, seeking leave to amend the complaint to add GSO as a defendant. Stryker claimed that it was only after GSO had filed suit in this district that it realized that the five former employees had worked for GSO (in addition to DePuy).

On August 29, 2014, Stryker filed a motion to dismiss the complaint in the present action for failure to state a claim, or to transfer the case to the District of New Jersey based on the first-to-file rule and/or on the forum-selection clauses in the former employees' employment contracts. In the alternative, Stryker requested that the court decline to exercise jurisdiction, or stay the case pending resolution of the New Jersey action. On October 15, 2014, the New Jersey court granted Stryker's motion to amend to add GSO as a defendant.

This court heard oral argument regarding the motion to dismiss/transfer the present case on October 30, 2014, and issued a written order on October 31, 2014. In the order, the court deferred ruling on the motion to transfer, deferred ruling on the motion to dismiss, and denied the motion to abstain. The court also stayed the present

2

1  case pending a decision on the pleadings in the New Jersey case, principally because
2  transfer would be futile if the New Jersey court lacked personal jurisdiction over GSO.
3        On November 26, 2014, the five former employees, DePuy, and GSO filed
4  motions to, variously, dismiss for improper venue, transfer venue to the Northern District
5  of California for the convenience of parties and witnesses, dismiss for lack of personal
6  jurisdiction, and dismiss for failure to state a claim.  On February 11, 2015, the assigned
7  district judge referred the motions to a magistrate judge for issuance of a report and
8  recommendation.  On April 20, 2015, the magistrate judge issued an opinion and order
9  granting the motion under 28 U.S.C. § 1404(a) (notwithstanding the forum selection
10 clauses) to transfer the case for the convenience of parties and witnesses.
11       On May 4, 2015, Stryker filed objections to and an "appeal" from the magistrate
12 judge's decision, pursuant to Federal Rule of Civil Procedure 72(a), requesting oral
13 argument and noticing the hearing for June 1, 2015.  On May 5, 2015, the assigned
14 district judge issued a notice indicating that Stryker's motion would be decided on the
15 papers.  The parties submitted additional briefing, including sur-replies.  The last brief
16 was filed on July 9, 2015.  The docket reflects no further activity until February 10, 2016,
17 when DePuy filed a notice of supplemental authority, to which responses were filed
18 shortly thereafter.
19       On August 26, 2016, the assigned district judge issued a summary order affirming
20 the magistrate judge's opinion and granting defendants' motion to transfer the case to the
21 Northern District of California.  Based on the orders issued in the New Jersey action, the
22 court finds that the motions to transfer the present action to the District of New Jersey are
23 moot.  Thus, the sole issue remaining for resolution is whether the complaint should be
24 dismissed for failure to state a claim.

25 **DISCUSSION**
26 A.    Legal Standard
27       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the
28 legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, 349 F.3d 1191,

1199-1200 (9th Cir. 2003).  Under the minimal notice pleading requirements of Rule 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis. Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 679.  Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document.  See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007).  Thus, the court may consider matters that are properly the subject of judicial notice, Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint and documents that form the basis of

4

a the plaintiff's claims.  See <u>No. 84 Emp'r-Teamster Jt. Counsel Pension Tr. Fund v. Am. W. Holding Corp.</u>, 320 F.3d 920, 925 n.2 (9th Cir. 2003).

B.  Defendant's Motion

Stryker argues that the § 16600 claim must be dismissed because GSO lacks standing to challenge the employment agreements.  GSO concedes in the complaint that it "is not a party to these employment agreements," Cplt ¶ 12, and Stryker asserts that GSO lacks standing to bring a claim under § 16600 (or under § 17200, to the extent that it alleges that the agreements themselves are unlawful, unfair, or fraudulent).

In addition, with regard to the § 17200 claim, Stryker asserts that GSO has not alleged the existence of an injury-in-fact, nor a causal connection between Stryker's purported violation and any damages it suffered.  In particular, Stryker argues that there is no indication in the complaint as to what harm GSO claims it has suffered as a result of Stryker's purported § 17200 violation, and that GSO admits in the complaint that it was able to hire the former Stryker employees.  Stryker claims that GSO's allegation that its future business will be chilled is too speculative and is insufficient to state a claim under § 17200.

In opposition, GSO does not address the question whether it has standing to assert the § 16600 claim, instead focusing its very brief argument on whether it has adequately alleged loss of money or property, such that its § 17200 claim is sufficiently pled.  On that point, GSO argues that it alleged that it lost money and value to its distribution network because some of its contractors have restricted themselves from competing to the full extent allowed by law, leading to "profit diminishment" caused by Stryker's actions now and in the future.  GSO claims that this is sufficient to state a claim, but argues that if it is not, the court should grant leave to amend.

The motion is GRANTED.  Section 16600 provides, in its entirety:  "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  Cal. Bus. & Prof. Code § 16600.  This provision is "an expression of public policy to ensure that every

citizen shall retain the right to pursue any lawful employment and enterprise of their choice." Metro Traffic Control, Inc. v. Shadow Traffic Network, 22 Cal. App. 4th 853, 859 (1994); see also Latona v. Aetna U.S. Healthcare Inc., 82 F.Supp. 2d 1089, 1093 (C.D. Cal. 1999) (express purpose of § 16600 is "to prohibit contracts that restrain employees from engaging in their lawful professions").

While Stryker's argument is not entirely clear, it appears to the court highly questionable that GSO has standing to assert this claim as pled, as GSO is not a California employee who has been injured by the inclusion of a noncompete provision in his/her employment agreement.

As for the § 17200 claim, it is not sufficiently pled. Stryker does not address the elements of the claim, but only the requirement that a plaintiff plead loss of money or property because of the actions of the defendant. The complaint alleges in a conclusory fashion that Stryker's actions are unlawful, unfair, and fraudulent, but the only facts alleged relate to the "unlawful" prong – that Stryker violated § 16600. Thus, because the complaint does not state a claim for § 16600, it also fails to state a claim under § 17200.

## CONCLUSION

In accordance with the foregoing, the motion(s) to transfer are DENIED as moot, and the motion to dismiss is GRANTED. The dismissal is with leave to amend. Any amended complaint shall be filed no later than October 7, 2016. No new claims or parties may be added without agreement of defendant or leave of court.

The court will set a case management conference by separate order, once the pleadings are settled.

**IT IS SO ORDERED.**

Dated: September 8, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge