UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GOLDEN STATE ORTHOPAEDICS, INC.,

    Plaintiff,

    v.

HOWMEDICA OSTEONICS CORPORATION,

    Defendant

AND RELATED CASE

Case No. 14-cv-3073-PJH

**ORDER GRANTING MOTIONS TO STAY; ORDER VACATING HEARING DATES**

Case No. 16-cv-5079-PJH

Howmedica Osteonics Corportation d/b/a Stryker Orthopaedics ("Stryker") – defendant in case No. C-14-3073, and plaintiff in case No. C-16-5079 – seeks an order staying both cases pending a ruling by the Third Circuit Court of Appeals on Stryker's petition for writ of mandamus challenging an order by the District of New Jersey to transfer the case ("the New Jersey case") that became case No. 16-5079 in this district.[1] Golden State Orthopaedics, Inc. ("GSO") – plaintiff in C-14-3073, and a defendant in C-16-5079 – and DePuy Orthopedics, Inc. ("DePuy") – a defendant in C-16-5079 – oppose the motions. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motions.

Generally, the filing of an appeal divests the district court of jurisdiction over all aspects of the case that are the subject of the appeal. U.S. v. Pitner, 307 F.3d 1178,

---

[1] The New Jersey case was transferred into this district on September 2, 2016, and was ordered related to C-14-3073 on November 3, 2016.

1183 n.5 (9th Cir. 2002). However, this rule does not apply to the filing of a petition for a writ of mandamus. See Woodson v. Surgitek, Inc., 57 F.3d 1406, 1416 (5th Cir. 1995). Since it is only in exceptional circumstances that such petitions are granted, "the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending." Id.; see also In re Ellis, 360 F.3d 1022, 1023 (9th Cir. 2004) (The "district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ."). Accordingly, any such stay is imposed under the district court's general discretionary authority. Woodson, 57 F.3d at 1416.

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Use of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55; see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1105 (9th Cir. 2005) (it is within a district court's discretion to grant or deny such a stay).

In determining whether it should exercise its discretion to grant a stay, the court should consider (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55). The Ninth Circuit has recognized that where "there is even a fair possibility that [a] stay . . . will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (citation and quotations omitted). Additionally, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." Leyva v. Certified Grocers of

Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).

Here, having in mind its obligation to "weigh competing interests and maintain an even balance," Landis, 299 U.S. at 254-55, the court finds that the motions must be GRANTED.  First, notwithstanding the arguments made by GSO and DePuy, the court is not persuaded that any significant damage will result from the issuance of a stay.  While it is true that both cases were filed in 2014, the pleadings are not yet settled, primarily because of an extended dispute regarding venue.  Thus, no pretrial deadlines have been set, and no case management order has been issued.  The court anticipates that the Third Circuit will rule relatively expeditiously once the matter has been fully briefed.  Second, if the cases proceed while the Third Circuit considers the writ petition, there is a potential for prejudice – primarily to Stryker – resulting from the risk of inconsistent adjudication should the Third Circuit vacate the order transferring the New Jersey case.  Third, there is a strong likelihood that the Third Circuit's decision will simplify the procedural issues in the case and will further the orderly course of justice and provide a substantial economy in judicial and party resources.  In short, the court finds that the issuance of a stay would result in the fairest course for the parties, and would also be more efficient for management of the docket.

Accordingly, the cases are hereby STAYED until the Third Circuit has ruled on Stryker's petition for writ of mandamus.  The hearings, previously noticed for December 7, 2016 (in C-14-3073) and December 28, 2016 (in C-16-5079) are VACATED.  Furthermore, the hearing on Stryker's motion to dismiss (in C-14-3073) is also VACATED, and the ruling on the motion is DEFERRED.  Once the stay is lifted, the court will either rule on the papers or set a new hearing date.

**IT IS SO ORDERED.**

Dated:  November 23, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

3